UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN MORRISON,<br>    Petitioner,<br>  v.<br>JARED LOZANO,<br>    Respondent. | Case No. 20-cv-04239-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 1 |

## I.   INTRODUCTION

Warren Morrison, an inmate currently housed at San Quentin State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.   BACKGROUND

Following a jury trial in San Mateo County Superior Court, Mr. Morrison was convicted of first degree murder and was found to have personally discharged a firearm in the commission of the offense.  He was sentenced to 50 years to life in prison.

Mr. Morrison appealed.  His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court.  The California Court of Appeal apparently granted a motion for recall of the sentencing, and Mr. Morrison is awaiting a new sentencing proceeding.

## III.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Morrison's federal petition for writ of habeas corpus alleges that the failure to properly instruct the jury on provocation denied him his Sixth and Fourteenth Amendment rights to present a defense and to have the State prove guilt beyond a reasonable doubt.  Liberally construed, these claims are cognizable in a federal habeas proceeding and warrant a response.

### IV.     CONCLUSION

For the foregoing reasons,

1.     The petition states cognizable claims for violations of Mr. Morrison's Sixth and Fourteenth Amendment rights.

2.     The Clerk shall electronically serve a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California.  The Clerk also shall serve by mail a copy of this order on Petitioner.

3.     Respondent must file and serve upon Petitioner, on or before **February 5, 2021,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.     If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **March 19, 2021**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

**IT IS SO ORDERED**.

Dated: November 20, 2020

_____
EDWARD M. CHEN
United States District Judge

3